UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHONDA M. LEWIS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-06-1641 |
| | § | |
| EXCELLENCE, INC. DBA | § | |
| CHILDREN FIRST ACADEMY OF HOUSTON, | § | |
| SHERWIN ALLEN, BERNARD SNOWDEN | § | |
| FANNIE BRADFORD, AND DORIS CARTER, | § | |
| | § | |
| *Defendants*. | § | |

### ORDER

Pending before the court is defendants Snowden, Bradford, Carter and Allen's motion to dismiss for failure to state a claim. Dkt. 15. After considering the pleadings and the applicable law, the court is of the opinion that the motion should be GRANTED.

### I. BACKGROUND

The plaintiff, Shonda Lewis, brings suit under Title VII of the Civil Rights Act of 1964 for alleged sexual harassment. Lewis worked for defendant Excellence, Inc. dba Children First Academy ("CFA") as a teacher and member of the support staff. In addition to naming CFA as a defendant, she named her supervisor, Allen, and three members of the board of trustees, Snowden, Bradford, and Carter. ("the individual defendants") The individual defendants argue that the claims against them must be dismissed under Rule 12(b)(6) because they are not proper defendants under Title VII in either an individual or official capacity. The plaintiff did not respond. Therefore, under Local Rule 7.4, the motion to dismiss the individual defendants will be treated as unopposed. Loc. R. 7.2.

## II. ANALYSIS

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). When considering a motion to dismiss under Rule 12(b)(6), the plaintiff's complaint is liberally construed and all well-pleaded facts are taken as true. *See Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004). Lewis's original complaint does not specify whether she names the individual defendants in their official or individual capacities. However, the individual defendants argue that either way she cannot maintain a cause of action under Title VII. The court agrees. The Fifth Circuit has determined that suits against individuals in their official capcity are merely another suit against the employer. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999) (citing *Sims v. Jefferson Downs Racing Assoc., Inc.*, 778 F.2d 1068, 1081 (5th Cir.1985) ("This court has also concluded that 'outside of an action against an officer personally, a plaintiff does not have an action against both the corporation and its officer in an official capacity.'"). Additionally, suits against individuals in their individual capacity may not be brought under Title VII. *Pfau v. Reed*, 125 F.3d 927, 936 (5th Cir. 1997) *rev'd on other grounds* ("While the plain language of [Title VII's definition of 'employer'] facially appears to provide a basis for rendering agents of an employer personally liable for their discriminatory acts, this circuit has interpreted Title VII's definition of employer as merely importing common law agency principles of *respondeat superior* liability."). The plaintiff's complaint includes only a Title VII claim. Accordingly, her claim against the individual defendants must be dismissed because she can allege no set of facts regarding the individual defendants under which she would be entitled to relief.

2

### III. CONCLUSION

For the forgoing reasons, the court finds that the individual defendants' motion to dismiss should be GRANTED.

It is so ORDERED.

Signed at Houston, Texas on January 17, 2007.

_____
Gray H. Miller
United States District Judge